ELBERT V. TULLER, RESPONDENT, v. RAILWAY EXPRESS AGENCY, INC., APPELLANT.—235 S. W. 2d 404.

Kansas City Court of Appeals. Opinion delivered November 20, 1950.

*Lathrop, Crane, Sawyer, Woodson & Righter, Winston H. Woodson, Robert D. Youle* for appellant.

*Hudson, Whitcraft & Cavanaugh, Thomas E. Hudson* for respondent.

BROADDUS, J.—This is an appeal from a judgment of the Circuit Court affirming a final award of the Industrial Commission in favor of Elbert V. Tuller, employee, claimant, against the Railway Express Agency, Inc., employer, and Self-insurer. The Referee and, likewise, the Industrial Commission found that claimant had sustained 15 per cent partial disability of his back and was entitled to $20.00 weekly compensation for a period of 60 weeks.

The sole question before this court is: Whether the judgment of the Circuit Court affirming the award of the Industrial Commission is supported by competent and substantial evidence upon the whole record.

The injury upon which the claim is based occurred on February 25, 1946, at about 4:15 p.m. Claimant was 42 years of age and had been in appellant's employ since September 6, 1945. His claim filed with the Commission on March 25, 1947, alleged that "while loading grapefruit on a truck he stepped on a board causing his ankle to turn and twisting and injuring his back." He was the only witness to the alleged accident. One of his fellow-employees, Virgil E. Welander, was present but had turned his head and did not see what occurred. Another fellow-employee, Harold E. Ripperger, appeared a minute or two afterwards. Claimant testified that he was loading a "low truck"; that "I reached over and picked up a box of grapefruit, it would be an apple box, as I turned I stepped on a piece of board and turned an ankle and my back popped as I set this box down." He did not drop the box, nor did he fall. He reported the occurrence to the foreman, Fred Toner, as soon as the foreman appeared in the department, which was about 5:30 or 6:00 o'clock. About 8:00 p.m., on the same day the foreman sent claimant to employer's office, where he made out a report to the office girl and he then went home about 9:00 p.m., not finishing the normal day. The next day, February 26, 1946, claimant went to employer's office, obtained a slip for medical attention and was directed to Dr. Whitman who gave him heat treatments. He took five or six heat treatments before returning to work on March 10, 1946. In April Dr. Whitman applied tape to claimant's back and had him keep it there for about two weeks. Dr. Whitman also required claimant to wear a sacro-iliac belt. This he was still wearing at the time of the hearing. Claimant testified that he had never

been without pain in the small of his back since February 25, 1946; that he had had no previous accident or injury, but was discharged from the army in 1942 because of "arthritis through the shoulders and arms down to the ankles while I was in camp. I had some before that." This arthritic condition at times affected his arms but never the lower portion of his back. He testified that he had also been examined by Drs. Feierabend, Feehan, Korth and Unger and that Dr. Virden took X-rays. The findings of these doctors are in the transcript. They bear out Tuller's claim of injury. In fact, employer-appellant does not here dispute that claimant was injured, nor the extent of his injury. Its insistence is that claimant's injury was not the result of an accident. When sent by the foreman, Toner, to the office of appellant claimant made the following written statement: "Kansas City, Mo. February 25, 1946. At about 4:15 P. M. I was working at the Perishable dock loading Perishable merchandise on a depot truck. I picked up an apple box which contained grapefruit and started to set it down on the truck, when a sharp pain struck me in the back. I have continued to work until 7:30 P.M., but my back is bothering me so much, that I am unable to continue. /s/ Elbert V. Tuller."

When claimant reported to Dr. Feierabend the day following his injury he testified: "I told him I lifted a box and hurt my back" and said he told the doctor, "I was lifting a box and as I started to put it down something popped in the lower part of my back."

The foreman, Toner, testified that claimant told him "that he had picked up a small box and laid it up on a truck and hurt his back in that manner," but that claimant did not tell of stepping on a board "causing his ankle to turn and twisting and injuring his back."

The fellow-employee, Welander, testified that he asked claimant "how he was hurt," and "all he said was that he hurt his back on this box;" that claimant did not state that "he stepped on a board causing his ankle to turn and twisting and injuring his back."

The other fellow-employee, Ripperger, who did not see claimant hurt himself, but came up a minute or two later while claimant and Welander were talking, said he asked claimant "how he hurt himself lifting a small box of grapefruit" and testified "after he set the box on the wagon he claimed he felt a sharp pain in his back"; that claimant did not tell of stepping on a board and twisting his ankle, but that he did not "ask him whether he had stepped or fallen or twisted his ankle or anything like that." Both Welander and Ripperger stated that there were no loose boards on the floor where claimant was working. On cross-examination Welander stated that loose boards, probably broken crating, were at times upon the floor and Ripperger said there were occasions when boards from the floor would come loose.

Claimant admitted that he did not tell Dr. Whitman anything about stepping on a board and turning his ankle or slipping of any kind. Neither did he tell that to Dr. Feierabend, Toner, Ripperger, Welander or the young lady in the office. He told them "I hurt my back. * * * I hurt my back lifting a grapefruit box." Claimant further testified that he did not remember whether Dr. Whitman or Dr. Feierabend asked him what caused him to hurt his back; that no one from the Railway Express Company ever inquired of him as to the exact manner in which he hurt his back; that when he recited the history of the occurrence he was merely relating "a back injury."

As stated by our Supreme Court in Mershon v. Missouri Public Service Corporation, 221 S.W. (2nd) 165, l.c. 169: "As a reviewing court it is our duty to sustain the findings of the referee, the Commission and the circuit court unless, upon the whole record, we can hold that such findings are not reasonably supported by competent and substantial evidence."

"We should adhere to the rule of deference to findings, involving the credibility of witnesses, made by those before whom the witnesses gave oral testimony." Wood v. Wagner Electric Corporation, 197 S.W. (2nd) 647. (Mo.)

Employee was the sole witness to the alleged accident. We have recently held that the testimony of a claimant "if believed, constituted substantial evidence of the nature, cause and extent of his disability." Walker v. Pickwick Hotel, 211 S.W. (2nd) 55.

The chief reason for appellant's insistence that claimant's testimony is not entitled to belief is that he did not disclose until his claim was filed that he had slipped and thus received his injury. His explanation of this is that no one inquired of him as to the exact manner in which the injury to his back occurred. The whole matter, however, merely involved his credibility.

It is undisputed that claimant did make immediate complaint to appellant that he had been injured. It was admitted that "compensation has been paid (claimant) in the amount of $28.57, which covered up to and including March 10, 1946; 13 days." Appellant's answer, filed with the Commission and signed by its superintendent, made no denial that claimant had received an accidental injury.

Upon the whole record, we do not feel inclined to hold that the finding is "clearly erroneous". It follows, under the statute (Mo. R.S.A. #847.114(d)), that we should not set it aside. The judgment is affirmed. All concur.