Michael SITA, Employee, Respondent,

v.

FALSTAFF BREWING CORPORATION, Employer, and Hartford Accident and Indemnity Company, Insurer, Appellants.

No. 32920.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1968.

Edmund J. Barker, St. Louis, for appellants.

Max M. Librach and Gene R. Spengel, Jr., St. Louis, for respondent.

CLEMENS, Commissioner.

It could be said this case poses the question, "Just how many beers can a man handle?"

■■■ The employee, Michael Sita, a beer truck driver, got a $5,555 workmen's compensation award for permanent back injuries brought on by an abnormal strain while lifting five cases of beer up to a three-foot platform. The Industrial Commission and the Circuit Court upheld the award. The employer, Falstaff Brewing Corporation, and its insurer, Hartford Accident and Indemnity Company, appeal, contending there was no "accident"—and even if so, no causal connection with the disability. Bearing in mind our respective roles —that the Commission determines the credibility of witnesses and the weight of evidence, and we determine only questions of law—we state the evidence consistent with the award.

Mr. Sita, 59, had worked ten years for Falstaff delivering beer to its retail customers. He usually moved beer from the beer truck by loading five 40-lb. cases onto a two-wheeled, 70-lb. hand truck and wheeling it to the customer's stockroom. This time he had an order to deliver fifteen cases to a tavern in St. Louis County. On the street side of the tavern there was a parking area and a platform, or dock, atop a retaining wall. Thus, the floor level of the tavern was about three feet higher than the parking area. Mr. Sita tried to park his truck alongside the dock so he could move the beer cases directly from his beer truck to the top of the dock. That was how he had delivered beer to the tavern before. But on this day three parked cars were in his way. He found an open space between the cars where a foot-high stone block, or step, rested on the ground against the dock. Mr. Sita picked this as his route of delivery. He took five cases off the beer truck, stacked them on the hand truck, and then wheeled it over against the dock and stepped up on top of the dock. He bent over from the waist, grabbed the handles of the hand truck, and with his legs straight and stiff pulled up and back toward himself. He got the loaded hand truck up onto the stone block and set himself for the next pull, at least two feet up from the stone step to the dock. He tried but "just didn't make it." Asked why, Mr. Sita said: "Just strained too much. I didn't make it. I set it back, then tried it again. That was it. That was the end of the day for me." He explained: "I couldn't do any more. Pain hit me in the back and that was it." As to this being an unusual incident, Mr. Sita said he had often pulled a loaded hand truck up over ordinary steps, say eight or ten inches high, but never before did he have to bend over so low or pull it straight up as high as this time.

Falstaff and Hartford first contend this evidence does not show a compensable accident. They base this argument on "contradicting and conflicting" parts of Mr. Sita's testimony. We will deal with that later. We must consider the evidence in a light consistent with the award. (Cross v. Crabtree, Mo.App., 364 S.W.2d 61 [2, 3].) So considered, we find the evidence ample to support the Industrial Commission's finding that Mr. Sita "sustained an unexpected and unusual strain constituting an accident." We base this on Crow v. Missouri Implement Tractor Co., Mo. (banc), 307 S.W.2d 401 [1], the first case to hold that an unusual or abnormal strain—without a slip, a fall, or external force—is a compensable accident. See, also, Merriman v. Ben Gutman Truck Service, Inc., Mo., 392 S.W.2d 292 [10, 11].

In opposition to this finding, Falstaff and Hartford cite Hall v. Mid-Continent Mfg. Co., Mo.App., 366 S.W.2d 57, and Ousley v. Hawthorn Co., Div. of Kellwood Co., Mo.App., 397 S.W.2d 719. Neither case is helpful since each concerned a claim where the Industrial Commission found the facts contrary to the claimant's contention of unexpected and unusual strain. Here, the converse prevails. They also cite Baker v. Krey Packing Co., Mo.App., 398 S.W.2d 185, and Flippin v. First Nat. Bank of Joplin, Mo.App., 372 S.W.2d 273. In each case—contrary to ours—the claimant's most favorable evidence failed to show his strain was unexpected or unusual. So, not one of the four cases is in point.

The main thrust of appellants' argument is that since the claimant's testimony was contradictory and conflicting, it was self-destructive; hence, there was no substantial evidence left to support a finding of abnormal strain. Appellants rely on the general rule that a fact cannot be proved by the contradictory testimony of a witness. They would broaden this rule to embrace every part of a witness's testimony when he contradicts himself on any fact. That is not the law. Appellants

quote from Foerstel v. St. Louis Public Service Co., Mo.App., 241 S.W.2d 792: " * * * 'where a party relies on his own testimony alone to prove a *material* issue and his testimony thereon is so contradictory and conflicting that it lacks probative force and is self-destructive and where there is no other fact or circumstance tending to show which version of the evidence is true, no case is made for the jury.' " We emphasize the word "material" because that limits the rule to the essential elements of a plaintiff's case. Thus limited, the rule applies to a claimant's evidence in compensation cases. In Welborn v. Southern Equipment Co., Mo., 395 S.W.2d 119 [6], the rule was applied to the essential element of giving notice of the accident. In Smith v. American Car & Foundry Div., etc., Mo.App., 368 S.W.2d 515 [8, 9], we applied this rule of self-destructive testimony to a claimant's burden of showing causation, saying: "It is equally well settled that burden is not carried when the claimant shows that the injury complained of resulted either from one or the other of two causes when the employer could be liable only if one were found to be the cause." From these cases it will be seen that the courts are speaking about self-destructive evidence on a material, essential element of a claimant's case, not conflicting evidence on a non-essential fact. We consider appellants' argument in that light.

Their charge of contradictions by Mr. Sita concerns the heights of the step and the dock, and also whether he was hurt on the first or last of three trips up the dock on the day of his injury. About the dock, Mr. Sita first estimated it was at least forty inches high. On cross-examination he said he was "guessing" about the height, that the first step might have been only twelve inches or less and that from the step up to the dock might also have been twelve inches. He also admitted that in a previous tape-recorded statement he had described the first step as "ordinary high." Mr. Sita explained he had never measured these heights and had not seen them for almost

two years after his injury. He was certain, however, that he had never before tried to lift a loaded hand truck as high as he did this time. Further, when cross-examined about how many loads of beer he delivered to the tavern on the day he was hurt, Mr. Sita first said there were three 5-case loads and he was injured while moving the third load. Later he recalled it was the first load. Still later he said he was confused and did not remember which load it was.

We conclude that this contradictory testimony did not destroy an essential element of claimant's case. The issue was whether he suffered an abnormal strain. Regardless of the precise heights of the step and the dock, each was higher than the usual objects over which Mr. Sita usually lifted his loaded hand truck—and this lift required more-than-usual physical exertion, applied from an abnormal, bent-over position. This is also true of appellants' argument about whether Mr. Sita was injured on the first or third trip. This does not affect the essential element of the occurrence being unusual. There was substantial evidence that in ten years at this work Mr. Sita had never before performed such strenuous lifting.

■ These contradictions in Mr. Sita's testimony could affect his credibility. That, however, is considered only by the Industrial Commission, not by this court. Merriman v. Ben Gutman Truck Service, Inc., supra, at 392 S.W.2d 292 [4]. And we may consider that the Commission had before it the favorable findings of the Referee. Hall v. Spot Martin, Inc., Mo., 304 S.W.2d 844 [2]; Miranda v. American Refrigerator Transit Co., Mo.App., 392 S.W.2d 413 [5]. Here, the Referee stated: "I further find that the employee's testimony was given in a straightforward and convincing manner which I found to be credible and which I find was not impeached by any other evidence in spite of the fact there were some minor discrepancies * * *."

We conclude, therefore, that there was substantial evidence to support the Industrial Commission's finding that the claimant "sustained an unexpected and unusual strain constituting an accident."

For their last point appellants contend there was no evidence to link Mr. Sita's accident with his disability, that the evidence merely showed his disability could have resulted either from the accident or from natural causes. Appellants rely on Welker v. MFA Central Co-op., Mo.App., 380 S.W.2d 481 [6]. There, the only evidence to link the claimant's fall with his herniated disc was a medical opinion that the injury could have "resulted from one of two causes, for one of which, and not the other, appellant is liable." That is not so here.

Appellants base their argument on two answers given by claimant's physician concerning causation. On direct examination Dr. William A. Stephens said Mr. Sita's injury could have caused his disability. On cross-examination he also said such disability could occur without an accident. But appellants overlook two important factors. First, the evidence was that Mr. Sita's accident *did* produce his disability. This, because Dr. Stephens testified that the disability "resulted" from the accident.

Further, Mr. Sita had testified that as he tried to lift the load from the step up to the dock he had sudden pain—like an electric shock—just below his belt line. He made no more deliveries that day. The next morning his pain was so severe he could not get out of bed. After a few weeks of continuous, conservative medical treatment he was hospitalized for diagnosis, including a myelogram; still later he returned for a laminectomy, to remove a vertebral spur impinging on a spinal nerve. He is still unable to work. The sudden onset of this pain and disability, and its continuous persistence, was substantial evidence of causation even without expert medical opinion of causation. And that is the second factor appellants have overlooked. Smith v.

American Car & Foundry Div., etc., supra, at 368 S.W.2d loc. cit. 521; Bertram v. Wunning, Mo.App., 385 S.W.2d 803 [2].

Since the award to claimant was supported by substantial competent evidence, the judgment of the Circuit Court is affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., RUDDY, J., and GEORGE W. CLOYD, Special Judge, concur.