**Tom PERSON, Statutory Trustee of Tom Person & Associates, Inc., et al., Respondents,**

**v.**

**Matthew FOGGY, Jr., et al., Appellants.**

**No. 51178.**

Missouri Court of Appeals, Eastern District, Division Three.

March 17, 1987.

Collier, Dorsey & Edwards, P.C., Ettie L. Collier, St. Louis, for appellants.

Bussey & Jordan, Charles L. Bussey, Jr., St. Louis, for respondents.

KAROHL, Judge.

Defendant Matthew Foggy, Jr. appeals a jury verdict and judgment of $15,600 for plaintiff Thomas Person, Statutory Trustee of Tom Person & Associates Inc., in a suit for breach of contract. The trial court directed a verdict on behalf of defendant Skate King Inc. and that judgment is not appealed.

Tom Person & Associates Inc., formerly a Missouri corporation, was a heating and air-conditioning company. In May of 1982, it entered into a contract to furnish and install an 80–ton air-conditioning system for defendant Matthew Foggy, Jr. Defendant agreed to pay $35,600 for an 80–ton air-conditioning system to be installed and used in the operation of a roller skat-ing business. The agreed purchase price was $35,600 to be paid in three install-ments. Defendant paid $10,000 at the time the contract was signed and an additional $10,000 when the equipment was delivered to the site. Defendant refused final pay-ment of $15,600. Plaintiff alleged in his petition, "that the Plaintiff completed the services required by the contract, 'exhibit A'." Defendant filed an answer denying generally the allegations in the petition and filed a counter-claim alleging the existence of the contract and breach by plaintiff based upon an allegation that the air-condi-tioning system never worked.

Plaintiff's verdict directing instruction required the jury to find "plaintiff substan-tially performed his agreement" and de-fendant's verdict directing instruction on the counter-claim required the jury to find that "plaintiff failed to perform his agree-ment." The jury found in favor of the plaintiff on its claim and against the de-fendant on his counter-claim. Defendant appeals the verdict and judgment in favor of the plaintiff on plaintiff's claim, but has not appealed the verdict and judgment in favor of the plaintiff on defendant's coun-ter-claim.

Defendant asserts that the court erred in not directing a judgment in favor of the defendant at the close of the plaintiff's evidence on the ground that the plaintiff alleged, but did not prove full performance. In addition to this claim which would en-title defendant, if valid, to a judgment as a matter of law, defendant asserts nine grounds which would, if valid, require a retrial.

We find no trial court error in submitting plaintiff's claim under the theo-ry of substantial performance. First, the issue is not properly before this court be-cause defendant offered evidence and did not renew his Motion for Directed Verdict at the close of all the evidence. *King v. Clifton,* 648 S.W.2d 193, 196 (Mo.App. 1983). Second, the petition does not sup-port defendant's view that plaintiff pleaded full performance. The petition alleged only that plaintiff completed the services re-

quired by the contract. Substantial performance of a contract is sufficient to submit plaintiff's claim. *Husar Industries, Inc. v. A.L. Huber & Son, Inc.*, 674 S.W.2d 565, 572–573 (Mo.App.1984). Third, the issue of substantial performance was tried by consent. A party is entitled to have an instruction on issues pleaded and supported by the evidence which have been tried voluntarily as by implied consent of the parties. *S.P. Personnel Associates, of San Antonio, inc., v. Hospital Building & Equipment Co., Inc.*, 525 S.W.2d 345, 350 (Mo.App.1975). Both parties offered evidence of substantial performance. Tom Person testified without objection that the obligations of plaintiff under the contract were complete in August and that the installation was done under prevailing building code requirements. Defendant on cross-examination elicited testimony from Tom Person that plaintiff substantially completed the plaintiff's obligations under the contract and that in August the system was started up and in use.

According to plaintiff's evidence only one part of the system was not installed, a coupling in one of the two 40–ton units. The coupling was not available because of a strike at the manufacturing plant. Plaintiff installed a temporary coupling to serve until the permanent coupling was received in September, 1982. The plaintiff's evidence was that defendant refused to permit the permanent coupling to be installed. Any claim of non performance based upon failure to install the permanent coupling was excused if installation was prevented by defendant. Restatement of Contracts § 315 (1932); *Veterans Linoleum & Rug, Inc., v. Tureen*, 432 S.W.2d 372, 376 (Mo.App.1968).

Defendant's failure to timely and specifically object to evidence beyond the scope of the pleadings, if full performance had been pleaded, constitutes an implied consent for determination of the issues raised by the evidence. *Arnett v. Venters*, 673 S.W.2d 67, 72 (Mo.App.1984).

What we have said with regard to Point I is sufficient to refute defendant's claims in Points II and III, that the court erred in submitting instructions presenting the issue of substantial performance.

Defendant's remaining claims of error on which he relies for the purpose of requesting a new trial are either not reviewable, not substantial, or not supported by the record. Assertions that the verdict and judgment are against the evidence, against the greater weight of the credible evidence, and against the law under the evidence are meaningless. A claim that the verdict is excessive is frivolous. The verdict is consistent with the unpaid installment under the contract. A claim that the instructions were not complete so as to submit all required findings in order to determine the issue of performance or substantial performance is without merit. We find the verdict directing instruction for the plaintiff and for the defendant submitting these issues was in proper form. The claim that defendant was surprised that the court submitted plaintiff's claim on the theory of substantial performance is denied for the reasons discussed. Finally, the assertion that plaintiff is entitled to a new trial because plaintiff failed to mention damages in his opening statement to the jury is frivolous. Damages were mentioned and no Motion for Relief was made to the trial court.

Judgment is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.