**C.A. Sonny CARL, Plaintiff–Appellant,**

**v.**

**Leon DICKENS, Defendant–Respondent.**

**No. 17127.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 22, 1991.

James A. Broshot, Mazzei & Broshot, Steelville, for plaintiff-appellant.

Sidney T. Pearson, III, Pearson Law Office, St. James, for defendant-respondent.

PARRISH, Presiding Judge.

This is an appeal from a judgment on an action in replevin that awarded possession of a forklift to appellant (plaintiff [1] in the trial court) and from a judgment on a counterclaim that awarded damages to respondent (defendant in the trial court). This court affirms.

Plaintiff owned a forklift that was inoperable. It had not been used for three or four years. Plaintiff asked defendant to install an engine in the forklift and to repair or replace bushings in the steering mechanism of the machine. Plaintiff did not want the same type of engine installed that was originally in the forklift—an Industrial Ford gasoline engine. Defendant suggested installing a used Deutz engine that he already had at a cost of $2,000. The forklift was delivered to defendant. Its tires were flat and the windows broken. Its engine had been removed. Sheet metal from around the engine compartment was not attached, although the sheet metal was brought with the forklift. There was a hole in the radiator.

The Deutz engine that defendant had intended to install would not fit—defendant described the efforts to install the Deutz engine as, "It was like putting a Cat engine in a Volkswagen." Defendant had a Mercedes engine that he tried to install. It was inadequate—it lacked sufficient power. The only engine that defendant found that could be installed was one manufactured by the same company that manufactured the original engine. An Industrial Ford diesel engine was installed replacing the original Industrial Ford gasoline engine. Defendant obtained the diesel engine from a used forklift that he bought at an auction. He paid $1,800 for the forklift. He attributed $800 as the engine's cost.

1. The parties will be referred to as "plaintiff" or "defendant" as designated in the proceeding before the trial court.

In addition to installing the engine, defendant put on a bell housing, an engine mount, a flywheel, a coupler, a starter, an alternator, a fuel pump, a battery, and bolts for the mounts.[2] A hydrostatic pump was unattached—its bolts were gone. Defendant reattached it.

Defendant submitted a bill for the work on the forklift in the amount of $2,110, although he testified that the customary charge would be about $5,000. The bill was prepared after the work was completed, "[a] couple of months before it was picked up." The first person who called for plaintiff saying that plaintiff wanted to pick up the forklift was told, "Come and get it. You've got to sign the ticket." He declined to do so. Defendant testified that the person who inquired for plaintiff was told, "Somebody has got to sign it or pay for it or something." Plaintiff later filed his replevin action together with a replevin bond. The forklift was taken into the sheriff's possession and delivered to plaintiff. Plaintiff was with the sheriff when the forklift was taken. He was unable to start the engine on the forklift. Plaintiff took the forklift to another shop where additional repairs were made. He testified that he paid $840.04 for those repairs. The trial court, in finding for defendant on his counterclaim, awarded defendant damages in the amount of $1,269.36. The $1,269.36 represented $2,110 for the cost of the repairs made by defendant, less $840.64[3] for the other repairs made after plaintiff took possession of the forklift.

This case was tried before the court without a jury. As such, its review is governed by Rule 73.01. The judgment of the trial court will not be disturbed unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously declares or applies the law. *Commerce Bank of Poplar Bluff v. Bulger*, 614 S.W.2d 768, 769 (Mo.App.1981).

In his first point on appeal, plaintiff contends that the trial court erred in awarding damages to defendant on the counterclaim because "there was no evidence that plaintiff received the services agreed on by the parties." Defendant testified that his agreement with plaintiff was to put an engine in the forklift so it would run. The testimony of the mechanic who did most of the work on the forklift was that after the work had been completed, the forklift was running. Defendant also testified that the forklift was running when he finished working on it. The forklift was driven outside and parked after the repairs were completed. Defendant told the trial court, "We run the thing. It run good."

It is the function of the trial court to consider the evidence and resolve the conflicts that arise from the evidence. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483 (Mo. banc 1980). On appellate review, the trial court's opportunity to have viewed the witnesses and to have judged their credibility is given due regard. Rule 73.01(c)(2). The trial court's finding, as set forth in its judgment that some additional repairs were necessary to make the forklift "completely operable," when read in the context of the other findings, as a whole, is analogous to determining that defendant had substantially completed the repairs so that, with minor additional repairs, the forklift could be put to its intended use. As such, defendant substantially performed the duties he undertook in his agreement with plaintiff. Substantial performance of a contract is sufficient to permit recovery. *See Person v. Foggy*, 726 S.W.2d 489, 491 (Mo.App.1987). Giving deference to the trial court's determination on issues of weight and credibility, the testimony of defendant and the mechanic who worked for defendant provided substantial evidence[4] that supported the

---

**2.** There were no bolts on the battery mount nor holding the hood or radiator.

**3.** Although plaintiff testified the amount of additional repairs was $840.04, the court used the sum of $840.64 in calculating the damages it awarded defendant on his counterclaim.

**4.** "Substantial evidence is that which a reasonable mind would accept as sufficient to support a particular conclusion, granting all reasonable inferences which can be drawn from it, and deferring all issues of weight and credibility, to the fact finder." *Fujita v. Jeffries*, 714 S.W.2d 202, 206 (Mo.App.1986).

trial court's determination that defendant performed his agreement with plaintiff whereby he was to install an engine in the forklift so that it would run. Plaintiff's first point is denied.

For his second point on appeal, plaintiff complains "that the plaintiff adduced substantial and uncontradicted evidence of damages he suffered by the detention of his forklift by the defendant." Plaintiff asserts that the trial court erred in not awarding damages because he was denied use of the forklift during the time defendant had it for repairs. Plaintiff asserts that defendant agreed to complete the work on the forklift within thirty days and that during the time in excess of thirty days when defendant had the forklift, a second forklift being used by plaintiff became disabled and plaintiff was required to rent another forklift thereby incurring substantial rental costs for its use. Defendant's testimony did not substantiate plaintiff's claim that defendant had promised to complete the repairs on the forklift within thirty days.

■ Plaintiff, in his brief, states, "In a replevin action a successful plaintiff is entitled to at least nominal damages." Plaintiff cites *Dieckmann v. Marshall*, 457 S.W.2d 242, 244 (Mo.App.1970), and *Robertson v. Snider*, 86 S.W.2d 966, 968 (Mo.App. 1935), as authority for that proposition. The reference to nominal damages in *Dieckmann* relates to circumstances in which a plaintiff in a replevin action was found to be entitled to possession of property but could not recover the property. Under those circumstances, the plaintiff in *Dieckmann* was entitled to recover the value of the property for which replevin was sought. In addition to not recovering possession of the property, the plaintiff in *Dieckmann* had failed to prove the value of the property that was sought. The court stated, at l.c. 244:

As to the amount of damages to which the plaintiff would be entitled upon failure of the defendant to deliver the tools the plaintiff's proof fails. However, even though there is a failure of proof on

this the plaintiff would still be entitled to nominal damages. [Citations omitted.] The facts in *Dieckmann* differ from those in this case. In this case, plaintiff recovered the property.

*Robertson v. Snider, supra*, likewise is of no assistance to plaintiff. In *Robertson* the defendant prevailed in the replevin action, but he was unable to take possession of the chattel. Under those circumstances, the court held that the defendant was entitled to recover damages in lieu of possession of the chattel. Both *Dieckmann* and *Robertson* involve situations in which the prevailing party did not secure actual possession of the property replevied. Under those circumstances, the prevailing parties were entitled to damages. In this case, plaintiff recovered the forklift. This case involves a claim for damages for alleged wrongful detention of the property replevied in addition to the claim seeking recovery of possession of property. No such claim was made in *Dieckmann* or in *Robertson*.

■ Damages may be allowed in an action in replevin for wrongful detention of personal property. If property subject to replevin has been wrongfully detained, the prevailing party may be entitled to damages. Damages, *if any*, are to be determined. *Hallmark v. Stillings*, 620 S.W.2d 436, 438 (Mo.App.1981). As provided in Rule 99.12, "When the court or jury finds that a party not in possession of the property is entitled to possession of the property ... damages for the taking, *detention* or injury *may* be assessed." (Emphasis added.)

■ The trial court heard the evidence as to whether defendant wrongfully detained the forklift and whether plaintiff sustained damage. The trial court, as the trier of fact, was entitled to believe all or none of the testimony of any witness. *Trenton Trust Co. v. Western Sur. Co., supra.* "Even if a plaintiff's evidence is uncontroverted, it still may not satisfy his burden of persuasion in a court-tried case." *Scott v. Dowling*, 636 S.W.2d 176, 180 (Mo. App.1982). The fact that plaintiff presented "uncontradicted evidence of damages he

suffered by the detention of his forklift by the defendant," does not, in and of itself, entitle him to damages. The issue of damages was left to the sound discretion of the trial court as the trier of fact. There was no showing that the discretion was abused. Plaintiff's second point is denied.

The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur