Kathleen **TINES** (Plaintiff), Respondent,

v.

**BROWN SHOE COMPANY, a Corporation** (Defendant), Appellant.

No. 29409.

St. Louis Court of Appeals.

Missouri.

May 15, 1956.

Ralph C. Kleinschmidt, Renderer, Nolde & Kleinschmidt, St. Louis, for appellant.

Louis L. Hicks, Clayton, for respondent.

HOUSER, Commissioner.

This is a claim under the Workmen's Compensation Act, §§ 287.010–287.800 RSMo 1949, V.A.M.S. A referee awarded but on review the industrial commission denied compensation on the ground that there was no accident within the meaning of the Act. This appeal is from the judgment of the Circuit Court of St. Louis County reversing the award of the commission and reinstating the award of the referee.

Kathleen Tines, employed by Brown Shoe Company in August, 1952 as a bookkeeping machine operator, worked as such through December 6, 1952. Her work consisted of placing papers in the machine, punching keys with the first two fingers of her right hand, and then striking a tab bar with the heel of her right hand. The tab bar was four or five inches long and an inch wide. She would strike the tab bar three to five times per minute. She worked eight hours a day. The particular machine she worked was a "very old" machine. To move the tab bar "you had to hit it with considerable force." The newer machines are operated by merely touching the bar with the fingers. Claimant testified that while she was operating that machine there was an "unforeseen" occurrence, namely, that as a result of the constant beating of the machine she was caused to suffer an injury; that during the first week in December she first noticed a knot about the size of an acorn, a swelling on her right hand; that her "entire hand from the wrist up" was bleeding and that her hand turned black; that during the first week in December the work was heavy; that her hand started swelling about Wednesday of that first week, and that she worked overtime on Saturday, December 6, which was the last day of her employment. She consulted a doctor on December 7, 1952. Prior to the first week in December she had no previous trouble with her hand. Claimant's doctor in answer to a hypothetical question testified that the condition he found, a swollen right hand and a disabling ganglion, was caused by the continued striking of the tab bar with the heel of the hand. The doctor also related on cross-examination that claimant had told him that the machine was "so hard to operate at the time of the injury that she sustained this condition."

The sole question is whether the finding and award of the commission, denying compensation on the ground that employee did not sustain an accidental injury within the meaning of the Act, is supported by competent and substantial evidence. In view of the statutory construction of the word "accident" as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury", § 287.020(2), supra,

and the decisions interpreting this sub-section,[1] the award of the commission denying compensation must be sustained. The accidental "event" referred to in § 287.020(2), supra, is not the injury itself, but the cause of the injury The injury is the result produced by the event The cause of the injury must be accidental. Accordingly, where the cause of the injury is an act of the employee intentionally done, in precise accordance with a fixed pattern in exerting muscular force in connection with his handling of some inanimate object while performing the incidents of his employment, it is not accidental unless it was preceded or accompanied by some unusual occurrence such as a slip, or fall, or an abnormal strain.[1]

In this case there was no unexpected or unforeseen event happening suddenly and violently, producing at the time objective symptoms of injury. Every event that occurred was expected and foreseen. Only the injury was unexpected and unforeseen. The continued and repeated traumas, far from being unexpected or unforeseen, were intentional acts, knowingly done in precise accordance with a fixed pattern and in the usual and ordinary course of the operation of the machine. Claimant did not deviate from the normal manner of operating the machine. There was no unusual occurrence other than the injury. The evidence discloses no particular blow, hitting or striking of the tab bar other than in the usual, intended and routine manner in which she had done the work for more than three months.

It is urged that there was an abnormal strain because "it was necessary to violently strike" the tab bar on the old machine whereas it was necessary only to "touch" the tab bar on a new machine in order to make it operate. The argument cannot be sustained. While there was evidence favorable to claimant that she had to hit the tab bar with "considerable force" and that the machine was "hard to operate" we must take the evidence most favorable to the award of the commission, namely, the testimony of co-employee Marcella Kassel (who had used the same machine without injury of any kind) that the difference between that machine and the others was that it might be "a little *slower*." We re-emphasize the absence of evidence from claimant, Marcella Kassel or any other witness that any certain act of claimant in striking the tab bar was violent or any more violent than any other act of striking, or that claimant experienced any abnormal strain at any particular time or in the course of any particular act of striking. The "abnormal strain" referred to in the decisions is one which occurs at a given time or in the doing of a given act, and has no reference to a strain which develops gradually from continual stress applied over a period of time.

Claimant further urges that the machine was harder to operate on or about December 1 than it had been previously and advances the argument that as a consequence claimant was subjected to an abnormal strain. Notwithstanding claimant's doctor testified that she told him the machine was "so hard to operate at the time of the injury that she sustained this condition" the commission was not bound to accept the doctor's testimony on this point or to give it either the credit or the interpretation urged by claimant. This bit of evidence runs counter to claimant's theory of the case. Claimant did not testify that she received an injury by reason of unusual difficulty in operating the machine on or about December 1. Her testimony, the history she gave her doctor and employer's examining physician, the hypothetical ques-

1. State ex rel. Hussman-Ligonier Co. v. Hughes, 348 Mo. 319, 153 S.W.2d 40; Howard v. St. Louis Independent Packing Co., Mo.App., 260 S.W.2d 844; Palmer v. Knapp-Monarch Co., Mo.App., 247 S.W.2d 341; Killian v. Sterling Aluminum Products Co., Mo.App., 227 S.W.2d 526; Higbee v. A. P. Green Fire Brick Co., Mo.App., 191 S.W.2d 257; Keller v. Bechtel, McCone, Parsons Corporation, Mo.App., 174 S.W.2d 925; Kendrick v. Sheffield Steel Corporation, Mo. App., 166 S.W.2d 590; Screeton v. F. W. Woolworth Co., Mo.App., 166 S.W.2d 589; Sciortino v. E. Salia & Co., Mo. App., 157 S.W.2d 535.

tion propounded by her counsel to her doctor and her doctor's explanation of the origin of ganglia all supported her theory of the *gradual* development of the condition from constant exposure to the ordinary conditions of the employment, namely, the striking of the tab bar from three to five times a minute, eight hours a day, for several months.

■ There was evidence from which the commission could reasonably have found that the objective symptom which appeared upon plaintiff's hand (the ganglion) was not produced by any event which happened "suddenly or violently." There was an abundance of evidence that it was caused by the constant and repeated striking of the tab bar and not from any particular sudden or violent blow. In fact claimant counted upon "a series of accidental events," and in her testimony used such terms as "repeated trauma," "continued striking," "repeatedly striking," "repeated hitting," and "constant beating" in describing the events. She referred to a "series of traumas," a "repeated trauma." Such an injury is not a "sudden or violent" event which constitutes an accident within the meaning of the Act. In Miller v. St. Joseph Transfer Co., 224 Mo.App. 1114, 32 S.W.2d 449, 450, the commission was held justified in finding that a lump, bruise and abscess which developed in the palm of claimant's hand as the result of constant pushing, shoving and stacking of several carloads of crated furnaces (in which work claimant constantly used and in so doing bruised the palm of his hand) was not an accident happening " 'suddenly and violently' ". That case is squarely in point. It is true that in Lovell v. Williams Bros., Mo.App., 50 S.W.2d 710, we held that an injury to an employee's hand which developed after three or four days of gouging down on a spade in trimming the bank of a ditch was compensable as an accident happening "suddenly" and violently within the meaning of the Act. Our holding in that case, however, antedated the series of cases cited in footnote 1, and therefore is no longer to be followed insofar as it conflicts with them and with the instant opinion.

The commission could reasonably have made the finding that the injury was not caused or aggravated by an accident, based on evidence that there was no unexpected or unforeseen event, no unusual or unintentional striking of her hand, no abnormal strain and that the condition developed gradually and not suddenly or violently. The judgment of the circuit court, therefore, should be reversed and the cause remanded with directions to enter judgment affirming the award of the Industrial Commission denying the claim, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded with directions to enter judgment affirming the award of the industrial commission denying the claim.

ANDERSON, P. J., and RUDDY and MATTHES, JJ., concur.