324 So.2d 903 (1975)
David CONNER, Plaintiff and Appellant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants and Appellees.
No. 5267.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearing Denied January 28, 1976.
Writ Refused March 12, 1976.
*904 Bolen, Halcomb & Bolton by Roy S. Halcomb, Jr., Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for defendants appellees.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
Plaintiff seeks workmen's compensation benefits for total and permanent disability arising out of an injury to his back. The defendants are his employer, Jack Lacy, d/b/a Lacy Cattle Company, and his insurer, The Travelers Insurance Company. The district judge found plaintiff failed to prove a compensable accident. From a judgment rejecting his demands, plaintiff appealed.
The issues are: (1) Was there an accident? (2) Is plaintiff disabled? (3) Is plaintiff entitled to penalties and attorney's fees?
The general facts are that plaintiff was 26 years of age and, prior to the events at issue here, had worked as a common laborer for about 10 years without difficulty relating *905 to his back. In July of 1973, he commenced work for the defendant, Lacy Cattle Company, as a general farm laborer. His duties included herding and penning cattle, using shovels, hauling hay, lifting bales of hay, riding horses, etc. On about June 18, 1974, plaintiff was using a pry bar to raise a bridge beam out of the mud so that a chain could be placed beneath it. He testified he felt a sudden pain in his lower back and that he complained to his fellow workmen. A co-employee, Earnest Belgard, corroborated the fact that plaintiff "grabbed his back and complained". Furthermore, the evidence shows that plaintiff reported the incident to his foreman, David Ferguson, who filed an accident report with the defendant insurer of date, June 20, 1974 stating: "Strained lower part of back while using pry bar to raise bridge beam to put chain under it."
Nevertheless, on the suggestion of the foreman, plaintiff did not go to see a doctor. He continued to work. Plaintiff testified that during the ensuing months he occasionally experienced some pain in the lower part of his back but he was able to do the work.
On January 14, 1975, plaintiff was loading bales of hay on a trailer to feed the cattle. These bales weighed about 60 pounds each. Plaintiff testified that they had started loading the bales at about 7:00 a. m. and that by about 9:30 a. m. his back was hurting so bad he had to quit. He does not remember any particular bale which caused an unusual strain of his back, nor did he slip or fall or suffer any unusual trauma or physical exertion.
On that same day, January 14, 1975, he reported the injury to his foreman who filed an accident report with the defendant insurer stating: "He was loading hay and hurt his back." The foreman sent plaintiff to the company doctor, a general practitioner, who in turn referred plaintiff to an orthopedic surgeon, Dr. D. M. Kingsley. This physician took from plaintiff a history which relates both the incident of June 18, 1974, when plaintiff hurt his back with the pry bar and the incident of January 14, 1975, when he lifted the bales of hay. Dr. Kingsley performed a thorough examination, including an x-ray, which showed a pre-existing congenital spondylolysis at the L-4 level. This physician diagnosed an acute lumbo-sacral strain caused by lifting the hay at work. On the basis of a report by Dr. Kingsley of job-related disability, the defendant insurer commenced compensation payments.
Dr. Kingsley prescribed drugs for pain and muscle relaxation and thought plaintiff improved. However, due to plaintiff's continued complaints of pain, for which Dr. Kingsley could find no objective cause, a myelogram was performed on February 3, 1975. This test was negative.
Dr. Kingsley continued to see plaintiff through February 19, 1975, as of which date he filed a report with the defendant insurer that he could find no objective cause for plaintiff's continued complaints and recommended that he return to work. Based on this report, the defendant insurer terminated compensation.
On March 19, 1975, plaintiff was examined by Dr. John T. Weiss, an orthopedic surgeon of Alexandria. This physician was of the opinion plaintiff had mild residual symptoms of a lumbar strain and was disabled from heavy manual labor. He prescribed a lumbo-sacral corset and drugs for pain and muscle relaxation. Dr. Weiss continued to see plaintiff through April 23, 1975 and found his complaints were virtually unchanged. At that time, plaintiff decided that due to lack of finances he would move with his wife and child back to Oklahoma to live with his parents and seek further medical attention there.
On May 1, 1975, plaintiff went to Dr. James C. Mayoza, an orthopedic surgeon in Tulsa, Oklahoma. From the history, the x-ray showing the spondylolysis and a physical examination, it was the opinion of this physician that plaintiff was suffering *906 from an aggravation of the spondylolysis and that he was still disabled from heavy manual labor. He prescribed a chair-back brace and drugs for pain and muscle relaxation. As of the date of his deposition on June 24, 1975, Dr. Mayoza was of the opinion plaintiff was still disabled and could not say how long this disability would continue. He suggested that conservative treatment be continued in the hope that it would be successful. But he stated "that if the pain is not relieved with conservative treatment that surgery, in all probability, may be necessary in the future." The surgery referred to is fusion of the vertebrae. This case was tried on July 8, 1975, which was about two weeks after Dr. Mayoza's deposition.
THE ACCIDENT
The district judge found plaintiff did not prove a compensable accident. Thus, the district court did not reach the question of disability or penalties and attorney's fees.
In written reasons dictated at the conclusion of the trial, the district judge stated that he was not satisfied the activities of January 14, 1975, when plaintiff's back began to hurt while he was loading the bales of hay, constituted an accident within the meaning of the Workmen's Compensation Statute. We cannot agree. LSA-R.S. 23:1021(1) defines "accident" as an "unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury." This language does appear to suggest the requirement of a blow or a trauma or an unusual physical exertion which causes an immediate injury. However, the jurisprudence construing this statute is now clear that extraordinary physical stress and strain or physical blow or trauma are not essential to the definition of disabling accident. Where the performance of the usual and customary duties of a workman cause or contribute to physical breakdown, the statutory requirements for an accident are present. Ferguson v. HDE, Inc., 270 So.2d 867 (La.,1972); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968); Landry v. Bituminous Casualty Company, 244 So.2d 105 (La.App., 3rd Cir. 1971); Gotte v. Cities Service Oil Company, 298 So.2d 920 (La.App., 3rd Cir. 1974). These rules have been applied in cases involving back strains superimposed on spondylolysis, as in the present case. Seaman v. Fidelity & Casualty Company of N.Y., 295 So.2d 899 (La.App., 2d Cir. 1974); Jones v. Douglas Public Service, 264 So.2d 267 (La.App., 4th Cir. 1972); and Theriot v. Schlumberger Wells Servicing Corporation, 131 So.2d 94 (La.App., 4th Cir. 1964). See also the discussion in Malone, Louisiana Workmen's Compensation Law and Practice, Section 216 at page 274, et seq.
Under the above cited authorities, we have no difficulty concluding that the lumbo-sacral strain suffered by plaintiff while loading the bales of hay on January 14, 1975 satisfied the requirements of an accident within the meaning of the Workmen's Compensation Statute. Although there was no trauma nor blow, nor could plaintiff remember that he strained his back while lifting any particular bale of hay, the evidence shows by a clear preponderance that he strained his back while loading the bales on that particular morning. Plaintiff testified that as he loaded the bales his back progressively became more painful, and that he finally had to quit work. He told a fellow employee, Herman Norris, on that occasion that his back hurt. Norris corroborated this. Plaintiff also reported the incident that same day to his foreman and the foreman filed an accident report. Either that day or the next, plaintiff went to see Dr. Kingsley who diagnosed a lumbo-sacral strain caused by lifting the hay. We find an accident was proved.
DISABILITY
As stated above, Dr. Kingsley saw plaintiff until February 19, 1975. He diagnosed *907 a lumbo-sacral strain superimposed on the pre-existing spondyloysis and instituted conservative treatment. However, it was this physician's opinion that by about February 19, 1975 plaintiff had recovered to his pre-accident status and could return to the same work which he was performing at the time of the injury.
Plaintiff then went to Dr. Weiss, also an orthopedic surgeon, who diagnosed mild residual symptoms of the lumbo-sacral strain superimposed on the spondylolysis. Dr. Weiss was of the opinion that plaintiff could not return to work.
Plaintiff then returned to Oklahoma where he saw Dr. Mayoza, also an orthopedic surgeon, who was of the firm opinion that plaintiff was still suffering from aggravation of the spondylolysis and was unable to work.
We think a clear preponderance of the expert medical testimony shows that plaintiff was still disabled at the time of trial. We do not find ourselves in conflict with the district judge on this issue, since he did not reach it.
PENALTIES AND ATTORNEY'S FEES
The final issue is whether plaintiff is entitled to penalties and attorney's fees. Plaintiff argues strenuously that all three doctors who testified agreed that plaintiff suffered a job-related lumbo-sacral strain superimposed on a pre-existing spondylolysis. Plaintiff argues the defendant insurer was arbitrary in terminating workmen's compensation on the basis of Kingsley's report alone. He questions whether Kingsley ever reported to the defendant insurer that plaintiff was able to return to work. However, Kingsley's report mailed on February 19, 1975 clearly concludes: "There is no objective evidence of disability and he should go back to work." On the basis of this report, the defendant insurer terminated compensation payments.
It is true that both Dr. Weiss and Dr. Mayoza found plaintiff disabled at dates after Dr. Kingsley's last examination. However, the testimony of Dr. Weiss is not very strong. The testimony of Dr. Mayoza is stronger. Considering the evidence as a whole, we are unable to say that the defendant insurer was arbitrary or capricious in terminating payments. They had a positive report from Dr. Kingsley that plaintiff was able to return to work. They had a somewhat equivocal report from Dr. Weiss, and they had a stronger report from Dr. Mayoza. We think they were entitled to defend this case on the basis that there was a bona fide medical dispute as to whether plaintiff had recovered from any disability he suffered as a result of the accident. We reject plaintiff's claim for penalties and attorney's fees.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, David Conner, and against the defendants, The Travelers Insurance Company, and Jack Lacy, d/b/a Lacy Cattle Company, for workmen's compensation at the rate of $65 per week beginning in accordance with law following the accident of January 14, 1975, and continuing for the duration of plaintiff's disability, not to exceed 500 weeks, with interest at the rate of 7% per annum on each past due payment from its due date until paid, with defendants to be given credit for any amounts already paid. Additionally, plaintiff is awarded judgment against the defendants for all medical and incidental expenses up to the maximum sum provided by law with interest at the rate of 7% per annum from the date of judicial demand until paid, subject to credit for any such amounts which have already been paid by defendants. Plaintiff's demand for penalties and attorney's fees is rejected. All costs in the district court, including the fees of expert witnesses, and all costs of this appeal are assessed against the defendant.
Reversed and rendered.