Alma LANGENDOERFER, Appellant,

v.

Ernest HAZEL, Jr., Inc. and Bituminous
Casualty Corp., Respondents.

No. 39540.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 28, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 12, 1979.

Harry J. Nichols, St. Louis, for appellant.

Albert I. Graff, Frank J. Lahey, Jr.,
Graff & Lahey, St. Louis, for respondents.

CLEMENS, Judge.

Plaintiff's workmen's compensation claim for accidental injury was denied by the referee, the Industrial Commission and the trial court on the ground plaintiff's injury was not accidental. Plaintiff contends on appeal that the sudden traumatic nature of her injury *ipso facto* constituted a compensable accident. We cannot agree.

The facts are undisputed. Plaintiff was at work in her customary manner, assembling sheets of cardboard into binders. A pack of cardboard sheets, about the size and weight of a telephone book, was at floor level and had to be lifted to plaintiff's work table. As she bent straight forward and then lifted the stack of cardboard sheets, she felt a sharp pain in her back and leg. (The injury resulted in surgery and disability.) Plaintiff had similarly lifted other stacks of cardboard just before the injury and on prior occasions had lifted similar weights without incident.

"Accident" means an unexpected event happening suddenly; "injury" means resultant violence to the body. Section 287.020, RSMo.1969. Plaintiff would equate the terms injury and accident. Not so. An *accident* alone is not an injury, and an *injury* alone is not an accident; they are separate and distinct entities. *Herring v. Safeway Stores, Inc.,* 499 S.W.2d 538[3] (Mo.App.1973). In that case compensation was denied the claimant who injured his back while stacking milk cartons, a routine task. The court denounced the plaintiff's contention "that injury itself connotes an accident regardless of how the injury occurred."

Plaintiff's contention was also refuted in *Bauer v. Independent Stove Company,* 417 S.W.2d 693[1–4] (Mo.App.1967), explaining: "The injury is the *result* produced by the accident and the *cause* of the injury must be accidental to be compensable." (Our emphasis). See also, our opinion in *Roux v. Dugal's Big Star Food Store,* 510 S.W.2d 810[3–6] (Mo.App.1974), holding:

"Where an employee experiences an injury as a result of normal and customary duties and within the normal routine there is no compensable accident." So it is here.

We have examined the host of cases cited by plaintiff and find none refutes our decision.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.