Frank **WOLFGEHER**,
Plaintiff-Respondent,

v.

**WAGNER CARTAGE SERVICE, INC.,**
and Truck Insurance Exchange,
Defendants-Appellants.

No. 64156.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

Rehearing Denied March 29, 1983.

Sylvester Powell, Jr., Lance W. LeFevre, Kansas City, for defendants-appellants.

Robert C. Jones, Craig S. Laird, Kansas City, for plaintiff-respondent.

BILLINGS, Judge.

Workmens Compensation case. Employer Wagner Cartage Service and its insurer, Truck Insurance Company, appealed from the judgment of the circuit court affirming an award by the Missouri Labor and Industrial Relations Commission to employee Frank Wolfgeher. The case was transferred to this Court by the Missouri Court of Appeals, Western District, after opinion. Mo. Const. Art. V, § 10. We review the case as if it were an original appeal. Rule 83.09.

The court of appeals was of the view that the award of compensation entered by the Commission was not supported by competent and substantial evidence that employee experienced an unusual or abnormal strain, which would amount to an "accident" within the meaning of § 287.020.2, RSMo 1978, and, therefore, the judgment of the circuit court should be reversed and the cause remanded with instructions directing the Commission to enter an order denying the claim. The issue certified for our reexamination is the judicial construction of the term "accident" as used within § 287.020.2.

We are of the opinion that since we emerged from the slip or fall arena years ago, but, nevertheless, have plodded back and forth through the shifting sands of unexpected or abnormal strain, the time has arrived for Missouri to join the large majority of jurisdictions in liberally construing the term "accident". We, therefore, adopt much of the scholarly opinion of Kennedy, J., in the court of appeals opinion, and affirm the award of compensation.

Employee was employed as a truck driver and warehouseman. On March 11, 1977, he and fellow employee Pierron were delivering a refrigerator to a residence as a normal and usual part of their duties. Such a task was usually performed by two men. While the refrigerator was still in the back of the delivery truck, the two men unboxed it and strapped it onto a two-wheeled hand truck designed for facilitating the movement of heavy appliances. In order to reach the kitchen where the refrigerator was to be installed, it was necessary to walk up a short flight of stairs to a landing, make a turn, and walk up the remaining stairs.

In moving the refrigerator up the stairs, employee was walking backwards and holding onto the hand truck while Pierron was below him on the stairs lifting the bottom portion of the load. When they reached the landing, the two men "had to turn, pick it [the refrigerator] up and turn to go up the steps at the same time to keep from hitting the walls." Employee testified that when they lifted the refrigerator, all of its weight came back against him. Either as they were negotiating the turn or just as they had completed the turn and going up the remaining steps, employee felt a sharp pain in his back. According to employee, he did not slip or fall nor did he lose his grip. He also stated the refrigerator did not shift on the hand truck after they lifted it.

Employee finished installing the refrigerator, then notified a supervisor of his injury. The following morning, his back was "hurting pretty bad" so he consulted a chiropractor who examined his back, took x-rays, and applied heat treatments to the injured area. He received heat treatments for about a month, then was referred by employer's insurer to Dr. William H. Duncan. Dr. Duncan testified that during his examination of employee in April 1977, employee favored the mid-back region when walking, and exhibited considerable muscle guarding, spasm and limitation of motion in the mid-back area. X-rays taken were normal except for scoliosis of the dorsal region, which was deemed to be a pre-existing condition. Dr. Duncan examined employee again the following October, at which time employee complained of pain when lifting heavy objects. Slight localized pain was detected upon palpation of the dorsal region, but the muscle guarding and spasm had disappeared, and employee displayed a normal range of motion without pain.

At the request of his counsel employee was examined by Dr. Irving A. Wien in June 1977. Dr. Wien found no muscle spasms in employee's back, but did detect tenderness in the thoracic region of the

back and limitation of motion when employee attempted to bend forward. Dr. Wien's diagnosis was that employee was suffering from a chronic sprain of the thoracic region of the back.

Employee remained away from work for nine weeks following the injury. He testified in October, 1979, he was still employed by employer in the same capacity as prior to the injury and he still had trouble with his back; that it is most painful when he lifted heavy objects. It was Dr. Wien's opinion that employee had sustained a twenty-five percent permanent partial disability to the body as a whole while Dr. Duncan testified that employee's injury had not resulted in any permanent disability.

■ The principal issue is whether there was competent and substantial evidence to warrant a finding by the Commission that employee suffered an "accident" by reason of an unusual or abnormal strain. Employer and insurer also question the nature and extent of the injury.

■ The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. *Alexander v. Pin Oaks Nursing Home*, 625 S.W.2d 192, 193 (Mo.App.1981). The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class. Section 287.800, RSMo 1978; *Greer v. Department of Liquor Control*, 592 S.W.2d 188, 193 (Mo.App.1919). Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. *Id.*

■ The fact of an injury having occurred does not, taken alone, constitute an accident within the meaning of the statute. *Langendoerfer v. Hazel*, 576 S.W.2d 553 (Mo.App.1978); *Herring v. Safeway Stores, Inc.*, 499 S.W.2d 538, 540 (Mo.App.1973). To establish a right to compensation, employee must prove both an accident and an injury, *i.e.*, the unexpected event and the resultant trauma. *Palmer v. Kansas City Chiefs Football Club*, 621 S.W.2d 350, 353 (Mo.App.1981).

In *Crow v. Missouri Implement Tractor Co.*, 307 S.W.2d 401 (Mo. banc 1957), we ruled that an unusual or abnormal strain may be classified as an accident even though not preceded by a slip or fall. *Id.* at 405. The unexpected or abnormal strain *usually* results from the performance of work in an abnormal manner or in a manner not routine, but this is not necessarily so. *Davies v. Carter Carburetor, Division ACF Industries*, 429 S.W.2d 738, 746 (Mo. 1968); *Brotherton v. International Shoe Company*, 360 S.W.2d 108, 114 (Mo.App. 1962). Abnormal strain may also result from the lifting of heavy objects while in an awkward or unbalanced posture where the worker is subjected to stress of unforeseen force or duration. *Merriman v. Ben Gutman Trust Service, Inc.*, 392 S.W.2d 292, 297 (Mo.1965); *Alexander v. Pin Oaks Nursing Home*, 625 S.W.2d at 193; *Palmer v. Kansas City Chiefs Football Club*, 621 S.W.2d at 353; *Wilson v. Kansas City*, 479 S.W.2d 135, 139 (Mo.App.1972).[1]

The statutory definition of "accident" has remained constant since the inception of the Missouri Act [See 1925 Mo.Laws at 375, § 7(b)], but judicial construction of the term has not followed suit. Prior to *State ex rel. Hussman-Ligonier Co. v. Hughes*,

---

1. For other cases where an abnormal strain resulted from either the lifting of heavy objects while in an awkward or unbalanced position or from the application of more force than anticipated, see, for example, *Hennecke v. Washington University*, 543 S.W.2d 525 (Mo.App. 1976); *Lindquist v. Container Corporation of America*, 537 S.W.2d 676 (Mo.App.1976); *Sita v. Falstaff Brewing Corporation*, 425 S.W.2d 487 (Mo.App.1968); and *Williams v. Anderson Air Activities*, 319 S.W.2d 61 (Mo.App.1958).

In addition, injuries produced by strains that are normal for the job to be performed are compensable if performed in an abnormal manner under unusual circumstances. *Cf. Lindquist v. Container Corporation of America*, supra; *McClain v. Yellow Cab Company*, 439 S.W.2d 200, 203 (Mo.App.1969); *Hinderliter v. Wilson Brothers*, 412 S.W.2d 558, 562 (Mo.App. 1967); *Hall v. Mid-Continent Manufacturing Company*, 366 S.W.2d 57, 61–63 (Mo.App. 1963).

348 Mo. 319, 153 S.W.2d 40 (Mo.1941), the cases allowed compensation for injuries sustained in the usual course of one's duties, without evidence of any unusual strain. *Carr v. Murch Bros. Constr. Co.*, 223 Mo. App. 788, 21 S.W.2d 897 (Mo.App.1929); *Lawrence v. Stark Bros. Nurseries & Orchards Co.*, 18 S.W.2d 89 (Mo.App.1929). In rejecting the employer's contention that the statutory language "unexpected or unforeseen event" means some unusual act or movement, the court in *Carr* declared:

> This construction is out of accord with both the language of the statute and its manifest purpose. The 'unexpected or unforeseen event,' as used in the statute, includes an unexpected or unforeseen event (result) ensuing from a usual and intentional act or movement of the claimant done in the ordinary course of his employment. This is the meaning of the term 'accident' as it is ordinarily understood, and there is nothing in the statute to indicate that the term is there used in the restricted and technical sense insisted upon by appellant.

21 S.W.2d at 899.

This popular concept of "accident" was repudiated by this Court in *Hussman,* a case wherein the claimant suffered a coronary occlusion while carrying a bucket of water in the performance of his usual duties. 153 S.W.2d at 41. This Court reversed an award of compensation, holding that the injury itself could not constitute the "event" or "accident". *Id.* 153 S.W.2d at 42. We elucidated:

> By these two decisions [*DeLille v. Holton-Seelye Co.*, 334 Mo. 464, 66 S.W.2d 834 (Mo.1933), and *Joyce v. Luse-Stevenson Co.*, 346 Mo. 58, 139 S.W.2d 918 (Mo. 1940) ], we have construed our Compensation Act to make the employer something less than an unlimited insurer. True, proof of fault or negligence has been dispensed with, but proof of 'accident' is necessary. Nor does the injury itself constitute the 'event' or 'accident' as held by the court of appeals. To so hold would make the Act provide for insurance

against disease and injury rather than against accident. *Id.* 153 S.W.2d at 42.

The aftermath of *Hussman* was the narrow rule that where the only unexpected or unforeseen event is the injury, there is no "accident" for which compensation may be awarded. *E.g., Sciortino v. E. Salia & Co.*, 157 S.W.2d 535 (Mo.App.1942), and those cases cited *supra* for that proposition. Only where the strain is accompanied by a slip or a fall, or where the strain is unexpected or abnormal, will the injured person be deemed to have sustained an "accident". *Williams v. Anderson Air Activities,* 319 S.W.2d 61, 65 (Mo.App.1958). The number of cases cited for that proposition alone indicates the amount of litigation this narrow rule of construction has invited, and hints of the strained factual distinctions which have resulted from its application. *E.g., Hall v. Mid-Continent Mfg. Co.,* 366 S.W.2d 57 (Mo.App.1963).

The Missouri rule is in contrast with the overwhelming majority of states which hold that a strain is compensable even though the work being performed at the time of the injury was routine and the strain was not unusual or abnormal. 1B Larson, Workmen's Compensation Law, § 38.20 (1980) and cases cited therein. Where the performance of the usual and customary duties of an employee leads to physical breakdown or a change in pathology, the injury is compensable. *E.g., Connor v. Travelers Ins. Co.*, 324 So.2d 903 (La.Ct. App.1975);[2] *Neece v. Indus. Comm'n.,* 7 Ariz.App. 376, 439 P.2d 539 (Az.Ct.App. 1968); *Greater Peoria Mass Transit Dist. v. Indus. Comm'n.,* 81 Ill.2d 38, 39 Ill.Dec. 817, 405 N.E.2d 796 (Ill.1980); *Cf. Porter v. Shelby Knit, Inc.,* 46 N.C.App. 22, 264 S.E.2d 360 (N.C.Ct.App.1980). An examination of some of the cases cited in *Larson* and others reveals that most states either have dropped the requirement of an "accident" from their statutory language or have liberally construed that term to achieve the same end of broadening the class of those awarded compensation. Cases following the majority view focus on

---

**2.** The Louisiana statutory definition is identical to that given in § 287.020.2.

the fact that an injury has occurred rather than what act or force immediately preceded the injury. Illustrative is the reasoning followed by the New Hampshire Supreme Court in *New Hampshire Supply Co., Inc., v. Steinberg,* 119 N.H. 223, 400 A.2d 1163 (1979): "The accidental quality of a compensable injury may consist of an unexpected effect as well as an unexpected cause. That is, even though the cause may have been routine and not accidental, a claim is compensable if the effect on the employee is unexpected." *Id.* 400 A.2d at 1165–1166. *See also Div. of Vocational Rehabilitation v. Indus. Comm'n. of Arizona,* 125 Az. 585, 611 P.2d 938 (Az.Ct.App.1980).

The criticisms of Missouri's narrow construction of "accident" are well articulated in the following articles: Domrese and Graham, "Workmen's Compensation in Missouri", 19 St. Louis U.L.J. 1 (1974); Carroll, "Present Concept of Accident under Missouri's Workmen's Compensation Law", 21 J.Mo.Bar 208 (1965); Note, " 'Accident' Related to Strain—Missouri Courts Apply Narrow Construction", 29 Mo.L.Rev. 233 (1964). The major ones are enumerated as follows:

(1) The narrow construction is inconsistent with the broad purposes of workmen's compensation and the principles upon which the act is to be applied. The act is to be liberally construed, and it is intended to extend benefits to the largest possible class in order that its fundamental purpose of placing upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment might be achieved. Doubts regarding the right of an employee to benefits should be resolved in favor of the employee. Section 287.800; *Hickey v. Board of Education,* 363 Mo. 1039, 256 S.W.2d 775, 777[5] (Mo.1953); *Alexander v. Pin Oaks Nursing Home,* 625 S.W.2d at 193[1]; *Greer v. Dept. of Liquor Control,* 592 S.W.2d 188, 193[4, 6] (Mo.App. 1979).

(2) This concept of "accident" also prevents compensation for gradual and progressive injuries which result from repeated or constant exposure to on-the-job hazards, even though the injuries are clearly work related. *Bess v. Coca-Cola Bottling Co.,* 469 S.W.2d 40, 45 (Mo.App.1971); *Tines v. Brown Shoe Co.,* 290 S.W.2d 200, 202 (Mo. App.1956); *Cf. Harper v. Kast Metals Corp.,* 397 So.2d 529 (La.Ct.App.1981); *Worden v. Pratt and Whitney Aircraft,* 256 So.2d 209 (Fla.1971); *Turner v. Southern California Edison Co.,* 42 Cal.App.3d 1036, 117 Cal.Rptr. 358 (1974).

(3) Those provisions of the Workmen's Compensation Act which cover "occupational diseases" do not contain any references to an "accident" requirement. Section 287.-067 (Cum.Supp.1981); *See also Collins v. Neevel Luggage Mfg. Co.,* 481 S.W.2d 548 (Mo.App.1972). So long as an injury is clearly job related, it seems inconsistent and inequitable to deny compensation for the injury, but to allow compensation for an occupational disease or illness.

■ By abandoning the narrow construction of the term "accident" we align Missouri with the overwhelming majority of states allowing compensation for an injury caused by a strain such as in the present case, and, in our view, reaffirm what this Court said in *Hickey v. Board of Education,* 363 Mo. 1039, 1043, 256 S.W.2d 775, 777 (1953), to-wit:

The fundamental purpose of the Legislature in enacting the Workmen's Compensation Law was, *as a matter of public welfare,* to place upon industry the losses sustained by workmen and their dependents by reason of injuries and death arising out of and in the course of *employment*—the theory being that compensation for such losses should be paid by industry rather than to leave the injured employee or his dependents to bear such loss alone.

As noted, *supra,* the statutory definition of the term "accident" has remained unchanged over the years but the judicial construction thereof has not. We believe the rule adopted herein is consonant with the salutory purpose of the law enacted by the General Assembly and cases to the contrary are to no longer be followed.

The judgment is affirmed.

RENDLEN, C.J., HIGGINS, GUNN and DONNELLY, JJ., and SEILER, Senior Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.

WELLIVER, Judge, dissenting.

I respectfully dissent. The time is totally inappropriate for this Court to construe accidental injury, *see* § 287.020(2), RSMo 1978, to mean any "job related" injury. Such an expansion of coverage by judicial fiat can only raise already oppressive insurance premiums and, as a result, increase the cost of doing business in this state.

The continuing expenditures of time and resources made by the legislative and executive branches to attract jobs and business to the state reflect the degree of Missouri's involvement in the "war among the states for jobs and business." *See* Schellhardt, *War Among the States For Jobs and Business Becomes Ever Fiercer,* Wall St.J., Feb. 14, 1983, at 1, col. 6. Today's decision only frustrates the attempt to stimulate growth and improve the economic condition of the state.

Courts can no longer ignore economic reality. The present economic conditions mandate judicial economic responsibility. *See Bass v. Nooney Co.,* 646 S.W.2d 765, 774 (Mo. banc 1983) (Welliver, J., dissenting), decided today.