v.

STATE of Missouri, Respondent.

No. WD 33605.

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

---

Naomi M. MULCAHY, Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

No. WD33788.

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

John W. Inglish, Inglish, Kay, Cartwright & Riner, P.C., Jefferson City, for appellant.

Daniel L. Sailler and Robert W. McKinley, Kansas City, for respondent; Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, of counsel.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

DIXON, Presiding Judge.

Plaintiff appeals summary judgment against her on a claim under a group insurance policy issued by defendant. The question presented is whether defendant has shown by unassailable proof that it was entitled as a matter of law to summary judgment based on its policy's exclusion of coverage for "[e]xpenses covered by Worker's Compensation."

The undisputed facts before the court showed plaintiff suffered a spinal injury while lifting lawn mower blades in the course of her employment at McGraw-Edison Company. She made a claim for compensation from her employer's workers' compensation carrier, and the parties entered into a compromise settlement agreement. By this agreement plaintiff received a lump sum settlement of $11,000 and released her employer from any future claims under the workers' compensation law.

Subsequent to the settlement, plaintiff filed this suit in an attempt to recover under the group insurance policy that covered McGraw-Edison's employees. Defendant thereupon filed its motion for summary judgment based on the ground that the policy's exclusion of "[e]xpenses covered by Worker's Compensation," taken with plaintiff's acceptance of the workers' compensation settlement award, entitled it to judgment as a matter of law. In support of its motion defendant filed copies of the page from its policy on which the exclusion appears, the compromise settlement agreement, and the request for admissions submitted to plaintiff with her answers. Plaintiff filed nothing in response to defendant's motion or its attachments. The court granted the motion.

The documents attached to defendant's motion, which include the admissions of the plaintiff, demonstrate that the injury occurred while she was working; the employer and employee were covered by the Workers' Compensation Act. The only issue remaining is whether the defendant sustained an accident within the meaning of the

Worker's Compensation law. The parties have joined issue in the briefs on that single issue.

Our review of the grant of summary judgment requires determination of whether there exists a genuine issue of material fact, and if not, whether any party has shown, by unassailable proof, that he is entitled to judgment as a matter of law. Rule 74.04; *Kaufman v. Bormaster,* 599 S.W.2d 35 (Mo.App.1980).

Both parties have briefed the issue whether plaintiff suffered an "accident," thus making her injuries compensable under the Missouri Workers' Compensation Law. Plaintiff argues that because her employer and its insurer specifically denied, by the terms of the compromise settlement agreement, that plaintiff suffered an accident, that there remains a genuine issue of fact—that being the compensability of her claim under the workers' compensation law.

There is no genuine issue of fact in this case for two reasons. First, by failing to present any proof to counter defendant's motion for summary judgment with accompanying documents, the facts of the documents presented by defendant are accepted as true. *E.O. Dorsch Electric Co. v. Plaza Construction Co.,* 413 S.W.2d 167 (Mo.1967). Second, the determination of whether an "accident," as defined in Section 287.020.2 RSMo 1978, has occurred is a question of law, not of fact. *Saxton v. St. Louis Stair Co.,* 410 S.W.2d 369 (Mo.App.1966); *Mason v. F.W. Strecker Transfer Co.,* 409 S.W.2d 267 (Mo.App.1966). The facts underlying plaintiff's claim were not disputed by defendant; plaintiff disputes only whether they amount to an accident compensable by workers' compensation, a question of law.

The briefs are replete with cases from the workers compensation area and analysis of the manner in which the employee lifted the blades that caused her injury. These cases all deal with the manner in which the injury was caused in terms of the old law with respect to abnormal strain. All of that is immaterial in the light of *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983). Wolfgeher broadens the definition of "accident" within the meaning of Section 287.-020.2, as the term had been interpreted in earlier cases. *Wolfgeher* overrules earlier cases inconsistent with its holding and, since it involves substantive rather than procedural principles, it is retroactive in effect. *Shepherd v. Consumers Cooperative Association,* 384 S.W.2d 635, 640 (Mo. banc 1964); *Roth v. Roth,* 571 S.W.2d 659, 672 (Mo.App.1978).

The plaintiff's admission in her pleading shows that she received an injury while working that necessitated the medical treatment in question. Under the doctrine of *Wolfgeher,* she sustained an "accident" under the Worker's Compensation Act for the injury she sustained and the consequent medical expense. She has alleged the medical expenses she claims were the result of the injury she sustained while working and the exclusion of the defendant's policy applies. The judgment of the circuit court entering summary judgment for the defendant is affirmed.

All concur.