Frederick SANSONE,
Claimant–Respondent,

v.

JOSEPH SANSONE CONSTRUCTION
CO., Employer–Appellant,

and

Farmers Insurance Group,
Insurer–Appellant.

No. 55201.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1989.

Firmin A. Puircelli and Steven G. Schu-
maier, Clayton, for employer-appellant.

Thomas B. Hayes, Jr., St. Louis, for
claimant-respondent.

CRANDALL, Presiding Judge.

Employer, Joseph Sansone Construction
Co., and Truck Insurance Exchange Co.
(insurer) appeal from the decision of the
Labor and Industrial Relations Commission
(Commission) which awarded workers' com-
pensation benefits to employee, Frederick
Sansone (claimant).  We affirm.

At the administrative hearing, the evi-
dence established that claimant was a self-
employed carpenter.  His work involved
hammering and grasping tools.  The par-
ties stipulated that claimant's workmens
compensation insurance coverage was in
effect from August 4, 1986 through Octo-
ber 23, 1986.

Claimant first began experiencing pain in
his right elbow in March 1986.  His condi-
tion was diagnosed as lateral epicondylitis
of the right elbow.  He received medical
treatment and resumed work after seven
weeks' rest.

In October 1986, claimant again experi-
enced pain in his elbow to such an extent
that he was unable to work.  In November
1986, surgery was performed on the elbow.
After surgery, claimant underwent physi-
cal therapy.  The treating physician found
that claimant's "disability [would] be 30%
permanent partial disability of the elbow."
He reported that claimant would never be
able to resume his regular duties as a
carpenter.

At the direction of insurer, claimant was examined by insurer's physician. That doctor reported that claimant had sustained a 15 percent permanent partial disability to the elbow. He stated, "Approximately half of that disability predated the aggrevating [sic] work program of September, 1986. Approximately half of that disability (7½) resulted from the aggravation [sic] of his work program in September and October of 1986."

After the hearing, the administrative law judge (ALJ) determined that claimant's condition was not an "occupational disease" and that insurer was not liable because insurance coverage commenced subsequent to claimant's initial injury. On review, Commission reversed the award of the ALJ and remanded for determining the amount of disability due claimant.

On appeal, insurer asserts that Commission's award was not supported by sufficient evidence.

■ Upon review, an award of the Commission may be overturned only if it is not supported by substantial evidence or when it is clearly contrary to the overwhelming weight of the evidence. *Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364, 366 (Mo. banc 1987). It is the duty of the reviewing court to determine from the record as a whole whether the Commission could reasonably have made its findings and award, reviewing the record in the light most favorable to the findings of the Commission. *Id.*

■ Workers' Compensation Law is to be broadly and liberally interpreted with a view of the public interest, and is intended to extend its benefits to the largest possible class. Section 287.800, RSMo (1986). Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983).

■ Here, insurer's own physician reported that a percentage of claimant's disability resulted from the aggravation of performing his work related duties in September and October of 1986. In *Wolfgeher*

the Missouri Supreme Court adopted the concept of "accident" in workers' compensation cases which provided compensation for gradual and progressive injuries which resulted from repeated exposure to on-the-job hazards. *Id.* at 785. "So long as an injury is clearly job related," the court declared that compensation should be allowed. *Id.* Insurer's own evidence established that claimant suffered an aggravated injury in September and October of 1986 and that the injury was work related. On the basis of the evidence before it, Commission did not err in finding that claimant's injury was compensable. Insurer's point on appeal is denied.

The decision of the Commission is affirmed.

REINHARD and CRIST, JJ., concur.