Larry B. **PIERCE**, Claimant–Appellant,

v.

**ST. JOE MINERALS,**
**Employer–Respondent.**

**No. 58516.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 1990.

Brown & Crouppen, P.C., Ronald A. Caimi, St. Louis, for claimant-appellant.

Moser and Marsalek, William E. Paasch, St. Louis, for employer-respondent.

KAROHL, Judge.

Larry B. Pierce filed a worker's compensation claim for a back injury which he alleged occurred on November 14, 1985. The claim alleged "[w]hile going up the stairs at work, [c]laimant's legs gave out causing the injuries described above." He also made a claim against the Second Injury Fund because of previous burn injuries on his left hand and feet. Administrative Law Judge Dan Chatfield found the claimed back injury did not arise out of claimant's employment. He denied bene-

fits. Claimant appeals from an order of the Labor and Industrial Relations Commission affirming the decision. (Robert L. Fowler, dissenting).

Claimant's only point relied on asserts:
THE CONCLUSION OF THE LABOR AND INDUSTRIAL RELATIONS COMMISSION THAT APPELLANT'S INJURY OCCURRED AS A RESULT OF AN "IDIOPATHIC FALL" IS UNSUPPORTED BY THE OVERWHELMING WEIGHT OF FACTUAL AND MEDICAL EVIDENCE AND BY LEGAL PRECEDENT.

The disputed issue is whether claimant proved his back condition was caused by his labor for his employer. In 1983 our Supreme Court interpreted the term "accident" in § 287.020.2 RSMo 1978 to allow compensation for an injury caused by strain even though the work being performed at the time of the injury was routine and the strain was not unusual or abnormal. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 784–5 (Mo. banc 1983). An unexpected result from a routine, not accidental, cause may consist of "accidental quality" sufficient to support a worker's compensation claim. *Id.* at 785. However, "[t]he fact of an injury having occurred does not, taken alone, constitute an accident within the meaning of the statute.... To establish a right to compensation, employee must prove both an accident and an injury, i.e., the unexpected event and the resultant trauma." *Id.* at 783. The burden of proof of causation of a disability as job related remains on the employee. *Id.*

Two cases decided after *Wolfgeher* affirmed a denial of benefits where causation was not proven. *See Kinney v. City of St. Louis*, 654 S.W.2d 342 (Mo.App.1983); *Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768 (Mo.App.1983). *Kinney* and *Matthews* involved cases in which benefits were denied for failure to prove causation between the performance of duties and the claimed injuries. In both cases evidence supported a finding claimant's condition could have been caused by a personal medical condition, not job related.

The relevant facts on the sole issue of proof of causation follow. Claimant was employed for some years by St. Joe Minerals, now Doe Run Company. He was required to go up and down stairs regularly in the performance of duties. He monitored heavy equipment operations on different floors. His job involved lifting, bending, shoveling and general heavy manual labor including carrying heavy loads up and down stairs.

Claimant testified his problem began on November 14, 1985, when he started up a flight of stairs twenty minutes before quitting time. He described the event as follows:

I started up to the stairs on the first floor of the building. I made the two or three stairs up and my legs gave way underneath me and I went down to my knees and I had a burning, tingling sensation in my right leg and hip and I set [sic] on the stairs a few minutes and then I went on up to the office.

\*   \*   \*   \*   \*   \*

The next morning after a miserable night I tried to get up and go to work and I couldn't put any weight on my feet and legs, it was an excrutiaitng [sic] pain, I couldn't—just couldn't stand it, so I had Cheryl [a friend] take me to the emergency room.

Claimant had no idea what caused a cramping of his legs. Prior to this event he did not experience tightness or cramping in either leg. The event was unexpected. Claimant had no knowledge of why it happened. He had "no idea how or when or anything else about it. All I know is I was on my way up the steps when my legs gave out."

The next day claimant went to the emergency room of St. Genevieve Hospital. He made no complaint about a back injury. Again on November 25, 1985, claimant returned to the emergency room and made no complaint about a back injury. He saw Dr. Benjamin Albano, a company doctor, on the 18th and 21st of November 1985. Claimant did not complain to Dr. Albano about a back injury, "Actually, until right up—until the myelograms and all of that my back did

not hurt." A myelogram was done in early to mid December.

Dr. Albano testified he saw claimant on November 18th for a "charlie horse" and an infection of the left leg. He concluded the leg condition was caused by an infection and was not job related.

Dr. Harry Morgan examined claimant on November 20, 1987. Dr. Morgan recorded claimant's medical history as follows:

He stated that either in October or early November, 1985 he slipped and fell and was about to go into a V bend when he was caught by the foreman and he was draped over the age [edge] of the bin at the time he was caught and was lifted out of it. He states that for the next two or three days his back was sore and then the soreness gradually subsided, that he noticed some aching discomfort towards the end of the day.... He stated he wasn't aware of any specific injury that occurred on the workday, the preceding workday but he said that he had been doing a lot of heavy lifting and wheeling heavy wheelbarrows, moving heavy bars, prying with them and doing a considerable amount of shoveling.

Dr. Morgan indicated claimant told him his initial complaint was back pain and the leg pain came later. Dr. Morgan learned that Dr. Farley at Normandy Osteopathic Hospital performed surgery removing claimant's L4–5 disc. Dr. Morgan was asked to causally connect "the incident or incidents at work of October or November of '85 and then the onset of pain in December?" (Our emphasis). He answered there was a causal connection between the incident or incidents of October or November 1985 and the back injury. Claimant only pleaded one incident, the event on November 14, 1985.

Dr. Joseph H. Morrow, Jr., D.O., examined claimant on September 5, 1986, at the request of claimant's counsel. Dr. Morrow testified claimant gave him a history of climbing a set of steps at the end of the day, November 14, 1985, when "his legs gave out and he fell to his knees, both knees felt numb and he gradually noted increased pain involving the low back and the right lower extremity *that same day*

by the time he finished his shift, and went home that evening." (Our emphasis). Claimant testified he had no back complaints until sometime in December 1985.

Administrative Law Judge Chatfield concluded claimant's legs gave way while climbing stairs at his employment. He found the fall was unexplained and "there is no clear connection between a work activity and the claimant's legs giving way causing the fall. [... in my view of the evidence it is not clear that the fall itself caused the injury as opposed to the legs giving way as a result of a back condition.]" Judge Chatfield concluded the claim fell under a concept referred to in worker's compensation law as an "idiopathic fall." An idiopathic fall is a fall caused by "something peculiar to the individual arising spontaneously or from an obscure or unknown cause." Kenter, *Life After Wolfgeher: What Is an on the Job Accident in Missouri?*, 42 J.Mo.Bar, 260 at 261 (1986).

We review the decision of the Commission under § 287.495 RSMo 1986. The Commission's findings of fact are conclusive and binding. We review only questions of law. Claimant contends the finding of an idiopathic fall is unsupported by the overwhelming weight of factual and medical evidence and by legal precedent. We review whether the facts found by the Commission support the denial of an award, § 287.495.1(3), and whether there was sufficient competent evidence in the record to warrant the making the award of no compensation, § 287.495.1(4). *See also* Rule 84.16(b)(4) and *McCall v. McCall Amusement Inc.*, 748 S.W.2d 827, 828 (Mo. App.1988).

Claimant's testimony is insufficient to support his contention of error. He testified his legs gave way while climbing stairs at the end of the work day. He had no knowledge of why his legs gave out. His immediate complaints to Dr. Albano and St. Genevieve Hospital involved leg complaints. By his testimony claimant had no problem with his back until he endured a myelogram in December 1985.

The expert medical evidence is also insufficient to prove causation. First, Dr. Morgan's opinion of causation is not competent and substantial proof that claimant's back condition was job related and began on the day of the claimed event. The history relied upon by Dr. Morgan in formulating his opinion involved an altogether different event. Second, Dr. Morrow considered a medical history where claimant originally had a back problem and thereafter leg problems, the reverse of claimant's testimony. Finally, Dr. Albano offered no opinion on causation of a back condition. He attributed the leg condition to an infection. There was no evidence the infection came from a job related source.

The finding of the administrative law judge of an idiopathic fall is supported by the evidence. The evidence of the event and the medical evidence was insufficient to sustain the claim of a job related back injury on November 14, 1985. The Commission affirmed the finding. We find no error of fact or law.

Affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.